UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:24-cr-105 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Cesar Ramirez-Velazquez, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Cesar Ramirez-Velazquez seeks to stay these proceedings while he attempts to exhaust his administrative remedies with respect to a 2009 order from the Cleveland, Ohio Immigration Court ordering him removed for entering the United States illegally. (Doc. No. 18). The government filed a brief in opposition to the motion, (Doc. No. 20), and Ramirez-Velazquez has filed a brief in reply. (Doc. No. 25). For the reasons stated below, I deny Ramirez-Velazquez's motion.

## II. DISCUSSION

On May 4, 2009, an immigration judge ordered Ramirez-Velazquez be removed from the United States because he had entered the country illegally. (Doc. No. 20-1). The removal order was entered *in absentia* because Ramirez-Velazquez failed to appear at the scheduled hearing. (*Id.* at 1). *See also* 8 U.S.C. § 1229a(b)(5) (permitting removal *in absentia* if there is "clear, unequivocal, and convincing evidence that . . . written notice [of the hearing] was . . . provided and that the alien is

removable"). Ramirez-Velazquez was removed from the United States on June 2, 2009. (Doc. No. 20-2 at 1). He reentered the country four days later and was removed again on June 7, 2009. (*Id.*; Doc. No. 20-3).

Ramirez-Velazquez subsequently reentered the United States once again. He was cited by the Ohio State Highway Patrol on May 13, 2023, for speeding and suspicion of operating a vehicle while intoxicated, and he was arrested by an officer with the United States Border Patrol on May 19, 2024. (Doc. No. 20 at 3-4). Ramirez-Velazquez was charged by indictment with illegal reentry in violation of 8 U.S.C. § 1326, among other offenses. (Doc. No. 24).

Ramirez-Velazquez requests that I stay these criminal proceedings so he may exhaust his administrative remedies concerning his 2009 removal order. He argues a stay is appropriate because it will permit him to collaterally attack that order in these proceedings as a defense to the illegal reentry charge. (Doc. No. 18 at 1-2).

Federal law provides limited grounds for a collateral challenge to a prior removal order. Section 1326(d) states:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

These limited grounds are further restricted by § 1229a, which confines the scope of review applicable to an order of removal issued *in absentia*. There are two bases for rescinding an *in-absentia* order, only one of which is relevant here. "Such an order may be rescinded only . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in

2

accordance with paragraph (1) or (2) of section 1229(a) of this title . . . ." 8 U.S.C. § 1229a(b)(5)(C)(ii).  Moreover, judicial review "of an order entered in absentia under this paragraph shall . . . be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D).

Paragraph (1) of 8 U.S.C. § 1229(a) describes the required contents of a written notice to appear given to a non-citizen allegedly subject to removal, while paragraph (2) provides the procedure for notifying a non-citizen of a change in the time or place of the removal hearing. *See* 8 U.S.C. § 1229(a)(1)-(2).

Ramirez-Velazquez "argues that he did not receive the statutorily required notice that would have allowed him <u>to timely appeal</u> prior to deportation." (Doc. No. 25 at 1) (emphasis added).  But he does not contend he did not receive notice of the 2009 removal hearing or notice of any change to the initially scheduled hearing, which are the two permissible grounds for rescission of an *in-absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(C).  Therefore, Ramirez-Velazquez has not identified a statutorily viable basis to challenge his 2009 *in absentia* removal order.

It is true, as Ramirez-Velazquez points out, that he is not required to satisfy the three-part test found in § 1326(d) in his motion to stay.  (*See* Doc. No. 25 at 2).  But he offers no reason to think he might be successful in his attempt to reopen his 2009 removal proceedings.  And, by extension, he fails to show he is likely to be able to carry his burden in collaterally challenging his removal order pursuant to § 1326(d).  Ramirez-Velazquez has not demonstrated a stay is appropriate.

3

### III. CONCLUSION

For the reasons set forth above, I deny Defendant Cesar Ramirez-Velazquez's motion for a stay.  (Doc. No. 18).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
