UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:24-cr-105

        Plaintiff,

    v.                                                        MEMORANDUM OPINION
                                          AND ORDER

Cesar Ramirez-Velazquez,

        Defendant.

## I.    INTRODUCTION

Defendant Cesar Ramirez-Velazquez[1] has filed a second motion to stay these proceedings while he attempts to exhaust his administrative remedies with respect to a 2009 order from the Cleveland, Ohio Immigration Court ordering him removed for entering the United States illegally. (Doc. No. 43).  I denied Ramirez's first motion to stay because his alleged failure to receive timely notice of his right to appeal the immigration court's *in absentia* removal order was not a permissible statutory basis to reverse or vacate the removal order.  (Doc. No. 24).

The government filed a brief in opposition to Ramirez's second motion, (Doc. No. 50), and Ramirez filed a brief in reply.  (Doc. No. 51).  For the reasons stated below, I grant Ramirez's motion.

---

[1] The defense notes that the Defendant's "correct legal name is Ramirez-Rincon" and that the government included that name as well as Ramirez-Velazquez in the superseding indictment.  (Doc. No. 43 at 1 n.1) (citing Doc. No. 24).  I will adopt the defense's use of the name "Ramirez" for the purposes of this decision.

## II.    DISCUSSION

I previously briefly summarized the relevant factual history underlying Ramirez's request for a stay:

> On May 4, 2009, an immigration judge ordered Ramirez-Velazquez be removed from the United States because he had entered the country illegally. (Doc. No. 20-1). The removal order was entered *in absentia* because Ramirez-Velazquez failed to appear at the scheduled hearing. (*Id.* at 1). *See also* 8 U.S.C. § 1229a(b)(5) (permitting removal *in absentia* if there is "clear, unequivocal, and convincing evidence that . . . written notice [of the hearing] was . . . provided and that the alien is removable"). Ramirez-Velazquez was removed from the United States on June 2, 2009. (Doc. No. 20-2 at 1). He reentered the country four days later and was removed again on June 7, 2009. (*Id.*; Doc. No. 20-3).
>
> Ramirez-Velazquez subsequently reentered the United States once again. He was cited by the Ohio State Highway Patrol on May 13, 2023 for speeding and suspicion of operating a vehicle while intoxicated, and he was arrested by an officer with the United States Border Patrol on May 19, 2024. (Doc. No. 20 at 3-4). Ramirez-Velazquez was charged by indictment with illegal reentry in violation of 8 U.S.C. § 1326, among other offenses. (Doc. No. 24).

(Doc. No. 27 at 1-2).

Ramirez renews his argument a stay is appropriate because it will permit him to collaterally attack the *in absentia* removal order in these proceedings as a defense to the illegal reentry charge. He contends it is appropriate for me to reconsider my earlier denial of a stay because his first motion mistakenly included factual errors. (*See* Doc. No. 43 at 2-3).

> Section 1326(d) states:
>
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

2

As I previously noted, "judicial review 'of an order entered in absentia under this paragraph shall . . . be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable.'" (Doc. No. 27 at 3) (quoting 8 U.S.C. § 1229a(b)(5)(D)).  I concluded a stay was not appropriate because Ramirez did not offer any challenge to the validity of the pre-hearing notices issued by the immigration court and, therefore, there were no facts in the record from which Ramirez could meet his statutorily required burden to show his removal proceedings improperly deprived him of an opportunity for judicial review or that the removal order issued after he failed to appear for a hearing of which he had written notice was fundamentally unfair.  (Doc. No. 27 at 3).

But defense counsel subsequently learned that Ramirez, through his immigration counsel, had in fact filed a motion on July 11, 2024, in which Ramirez claimed he never received notice of the date and time of his originally scheduled hearing, nor of the three ensuing changes to the date and time of the removal hearing.  (Doc. No. 43 at 2-3).  (*See also* Doc. No. 46) ("Motion to Rescind *In Absentia* Removal Order and Reopen Proceedings") (filed under seal).  The immigration court denied the motion and Ramirez's appeal of that decision remains pending.  (Doc. No. 43 at 3).

The government objects to a stay, arguing Ramiez's pursuit of his administrative remedies related to his 2009 removal order is not relevant to the illegal reentry charge in this case.  (Doc. No. 50).  But, as the Sixth Circuit has observed, if Ramirez were to be successful in overturning his 2009 removal order, he "would overcome his charge of unlawful reentry." *United States v. Flores-Perez*, 1 F.4th 454, 456 (6th Cir. 2021) (citing *United States v. Palomar-Santiago*, 593 U.S. 321, 323-24 (2021)).

Section 1326(d) requires Ramirez to exhaust his administrative remedies before he is permitted to pursue his argument that the 2009 removal order is invalid.  *See Flores-Perez*, 1 F.4th at 457 (A defendant's "failure to satisfy any one of [§ 1326(d)'s three requirements] defeats his collateral challenge.").  I conclude Ramirez may not be deprived of an opportunity to raise this

3

defense simply because the Board of Immigration Appeals has failed to issue a decision concerning his pending appeal.

As I noted above, Ramirez has been indicted on three other offenses as well: two counts of possession of a fraudulent identification document in violation of 18 U.S.C. § 1546(a) and one count of misuse of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B).  (*See* Doc. No. 24 at 2-3).  While Ramirez does not argue that the alleged invalidity of the 2009 removal order also is a defense to these additional charges, I conclude, in the interest of judicial efficiency, that this case must be stayed as to those counts as well.

### III.    CONCLUSION

For the reasons set forth above, I grant Defendant Cesar Ramirez-Velazquez's motion for a stay.  (Doc. No. 43).  Further, I conclude that the ends of justice served by granting the motion to stay outweigh the best interest of the public and the defendant in obtaining a speedy trial such that time shall be excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h) until the stay is lifted.  Ramirez shall file a status report within 10 days of receiving notice of a Board of Immigration Appeals decision on his pending appeal or within 60 days of the date of this Memorandum Opinion and Order, whichever occurs first.  The August 24, 2026 jury trial is vacated.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4